CLINE *v.* KALZ.

JUDGMENT—RES JUDICATA.

> Judgment of no cause of action for failure of consideration in former action in which no appeal was taken, which was upon the same alleged evidences of indebtedness, a note and letter signed by defendant, *held*, to afford bar of *res judicata* to second action between same parties on identical cause of action and raising the same issues.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 13, 1937. (Docket No. 29, Calendar No. 39,561.) Decided November 10, 1937.

Assumpsit by Howard F. Cline and Mona Meta Cline against Gustav F. Kalz upon a promissory note and another written instrument. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Howard F. Cline* and *Harold E. McCrory,* for plaintiffs.

*Sempliner, Dewey, Stanton & Honigman* (*Thomas L. Poindexter,* of counsel), for defendant.

CHANDLER, J.  It is the claim of the plaintiffs that they were the owners of an equity as vendors in a certain executory land contract in which the defendant was vendee, and that on January 23, 1930, there was a balance due thereon of $2,203.70 plus interest; that, by agreement of the parties, in order to permit defendant to dispose of his interest in the property,

plaintiffs consented to a cancellation of the contract and did surrender their contract and by means of a quitclaim deed conveyed their equity to the defendant; that on September 4, 1935, plaintiffs in furtherance of said conveyance executed a written assignment of their equity to defendant; and that the defendant, in pursuance of his promise to pay, executed and delivered to plaintiffs on said 23rd day of January, 1930, his promissory note for the sum of $1,800 payable at the rate of $10 per month, with interest at six per cent. per annum, and promised to pay the balance due on said contract by the following writing:

"Detroit, Michigan,
"Jan. 23, 1930.

"Mr. Howard F. Cline,
"1010 Ford Building,
"Detroit, Michigan.
"*Dear Sir:*
"In giving you my note for $1,800 for the cancellation of the land contract on 9365–9 E. Vernor Highway, I wish to say that in the event I am able at any time to pay the remainder, which amounts to $403.70, you may rest assured I shall pay it in full.
"Thanking you, I remain.
"Very truly yours,
(Signed)  G. F. KALZ."

Defendant, as alleged by plaintiffs, has failed to make payments as agreed, and the plaintiffs bring this action based upon said note and writing. The defendant by his answer denied all of the allegations in plaintiffs' declaration and gave notice of several affirmative defenses, the one material to the issue here involved being as follows:

"That the matters stated as a cause of action in this suit were before this court in the case of How-

ard F. Cline and Mona Meta Cline, plaintiffs, v. Gustav F. Kalz, defendant, Wayne county law No. 189,723, a suit involving the same subject matter, the same parties and the same cause of action and that in that case there was a judgment of no cause of action which is binding on the plaintiffs in this suit.''

The record before us contains all the pleadings, journal entries and proceedings in the above mentioned Wayne county law case No. 189,723, as well as the pleadings and proceedings in the instant case.

Plaintiffs' original declaration in the first case alleged that defendant was indebted to them in the sum of $2,203.70 which on the 23rd day of January, 1930, ''defendant acknowledged in two writings that he was indebted in the said amount to the said plaintiffs, which writings will be produced at the time of the trial of the said cause in connection with the proof of said indebtedness.'' Defendant moved to dismiss plaintiffs' declaration and plaintiffs then filed the affidavit of Howard F. Cline, one of the plaintiffs, which was presented as an amendment to the declaration theretofore filed, said affidavit reading in part,

''That said declaration is a plain statement to the effect that the defendant owes the plaintiffs the total sum of $2,864.80 and the date upon which said obligation matured and the fact that it arose out of a real estate transaction. That this action is evidenced by two written instruments, true and exact copies of which are hereto attached, marked exhibits A and B, and made a part of this affidavit. That the plaintiffs in order to clear any matter of doubt present this affidavit as an amendment to their declaration under Michigan Court Rule No. 26, § 1, as referred to in 1 Searl Michigan Pleading and Practice, p. 211, § 150.''

Plaintiffs later filed another amended declaration in which they set forth that defendant agreed to pay plaintiffs the sum of $1,800 at the rate of $10 or more, plus interest, per month, and the additional sum of $403.70 within a few months, and that exhibits A and B, the latter being the note and writing hereinbefore referred to "are attached hereto and made a part of this amended declaration, and to which reference is prayed, are written evidences of this agreement." This case No. 189,723 resulted in the entry of a judgment of no cause of action. The reason given for the entry of said judgment on September 4, 1935, was that there was a failure of consideration for the alleged promise on the part of defendant to pay the sum of $2,203.70. No appeal was taken from this judgment.

On September 13, 1935, the same plaintiffs instituted the present action against the same defendant and in their declaration alleged that on the 23rd day of January, 1930, the plaintiffs and defendant agreed that the balance due plaintiffs on the land contract from defendant was the sum of $2,203.70 with interest from August 1, 1929, and that defendant promised to pay plaintiffs for the cancellation of said contract the sum of $1,800 at the rate of $10 or more per month with interest at the rate of six per cent. per annum "according to the terms of the promissory note executed by the defendant in favor of the plaintiffs and dated January 23, 1930, a true and exact copy of which is marked exhibit 1, attached hereto and made a part of this declaration and to which reference is prayed and the remaining sum of $403.70 as soon after the said 23rd day of January, A. D. 1930, as defendant was able to do so, according to the terms of the written agreement in the form of a letter, a true and exact copy of which is marked

exhibit 2, attached to this declaration and made a part thereof and to which reference is prayed.'' The declaration further alleges, ''That on September 4, 1935, in furtherance of said conveyance, plaintiffs executed and attempted to deliver to defendant and completed said delivery on the 6th day of September, 1935, a written assignment of their equity in said property and said land contract to the defendant.''

The defendant, as we have heretofore stated, in his defense contended that the former suit involved the same subject matter, the same parties and the same cause of action, and that the judgment rendered in the former suit was binding upon the plaintiffs and was a bar to this action. The trial court found that the decision in the former case was conclusive upon the parties hereto and a judgment of no cause of action was entered. In reaching this conclusion the court was not in error.

It conclusively appears that the promise on the part of the defendant to pay the plaintiffs is identical in both actions, and an examination of the pleadings discloses that in the former case plaintiffs stated that the promise was evidenced by the two exhibits, and in the instant case alleged that the action was founded upon the same exhibits. It so clearly appears that in the two actions the parties, the issues and the subject matter were identical that a discussion or citation of authorities is unnecessary in support of the conclusiveness of the proposition that the first adjudication is a bar to this action.

If the plaintiffs had prevailed in their first action, could they later have brought suit upon the two written promises to pay? The answer must be in the negative. The first action is based upon the promise evidenced by the two writings which were accepted by plaintiffs as evidence of the promise, and

were relied upon to prove the promise and the amount of the claimed indebtedness. In the instant case the same plaintiffs brought suit against the same defendant and sought recovery on the same two written instruments.

Judgment affirmed, with costs to defendant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.